IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| George Holmes, | Civil Action No.: 2:11-cv-01106-SB -BHH |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| | **OF MAGISTRATE JUDGE** |
| MD Paul C. Drago, | |
| Defendant. | |

The plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. On July 22, 2011, the defendant filed a motion for summary judgment. By order of this court filed July 22, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. While no response has been filed, the plaintiff did file two notices indicating his address had changed. (Dkt. No. 20; Dkt. No. 22.) Each time, another copy of the *Roseboro* order was sent to the plaintiff's new address. (Dkt. No. 21; Dkt. No. 23.)[1] Despite these explanations, the plaintiff elected not to respond to the motion.

As the plaintiff is proceeding *pro se*, the court filed a second order on September 8, 2011, giving the plaintiff through September 28, 2011, to file his response to the motion for summary judgment. (Dkt. No. 24.) This order was mailed both to the last address provided by the plaintiff and to Lee Correctional Institution. (Dkt. No. 25.) The plaintiff was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. The plaintiff did not respond.

---

[1] The docket reflects that on July 28, 2011, plaintiff mailed in a financial certificate with no case number, and the envelope had a new address of Evans Correctional Institution. The Clerk updated his address to reflect the one on the envelope, and re-mailed the *Roseboro* Order. (Dkt. No. 20; Dkt. No. 21.) On August 8, 2011, the plaintiff filed a change of address for Evans Correctional Institution, and another *Roseboro* Order was mailed on August 10, 2011. (Dkt. No. 22; Dkt. No. 23.)

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed *with prejudice* for lack of prosecution and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

                                                   s/Bruce Howe Hendricks  
                                                   United States Magistrate Judge

October 6, 2011

Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).